JESSE FELL *et al.* appellants, *v.* ROBERT PRICE *et al.* appellees.

*Appeal from McLean.*

A. since dead, obtained a judgment and execution against B. and others, which was levied upon certain parcels of land. The land was sold, and the son of A., acting as his agent, purchased the premises, took a certificate of purchase in his own name, and paid no money for the land, but acknowledged satisfaction of the judgment upon the record, and paid the costs with money given him by his father for that purpose. C. one of the judgment debtors, the time of redemption having nearly expired, made an arrangement with A. by which he conveyed to him by a deed, absolute on its face, said lands, and also, for further security, another tract of land. A. with a view of giving C. further time to redeem said land, executed a bond for a deed, conditioned for the payment of the money by a specified time. The only object in view was an extension of the time of redemption by the arrangement aforesaid. The money was not paid as stipulated in the bond, and A. by the consent of C. sold to D. two of the said tracts of land, and D. sold to E. giving the latter a bond for a title. E. made improvements to the amount of $1,000. The land was valued at $100. About eighteen months after the recovery of A.'s judgment, another creditor of C. obtained a judgment and execution against him, which was levied on the last mentioned lands, already sold on A.'s execution, and were about to be sold, when E. filed a bill for an injunction against the *judgment creditor* and the sheriff. Subsequently D. was made a complainant with E. and a decree was rendered against the said complainants, requiring them to pay to the said judgment creditor the sum of $100, to be credited on the judgment, from which decree the complainants appealed: *Held,* that the decree was erroneous; that the injunction should have been made perpetual; and that A. or his heirs might, at any time, obtain a sheriff's deed upon the certificate, which deed would relate back to the sale and judgment as to the time of acquiring title against subsequent purchasers or incumbrancers.

BILL IN CHANCERY for an injunction, filed in the McLean Circuit Court by the appellants against the appellees, and heard at the April term 1845, before the Hon. Samuel H. Treat. It was then decreed that the complainants pay the defendant, Price, the sum of $100 by the first day of the next term, &c. and if payment was made, the injunction should be made perpetual. The complainants appealed from this decree.

The material facts are stated by the Court.

*A. Lincoln,* for the appellants.

*U. F. Linder,* for the appellees.

The Opinion of the Court was delivered by

KOERNER, J.*  On the sixteenth day of September, 1844, Jesse Fell, one of the appellants, filed a bill for an injunction and relief in the Circuit Court of McLean county, against Robert Price and Richard Edwards, the latter being sheriff of said county, and a mere nominal party. Robert Price alone answered, and upon his answer coming in, leave was given to complainant to amend his bill. At the April term 1845 of said Circuit Court, an amended bill was filed, which made Carlton H. Perry a complainant with the original complainant, and John N. Low a co-defendant. By agreement of parties the former answer of Price was considered as an answer to the amended bill, and whatever new matter was set forth in the same was to be considered as denied. John N. Low filed his separate answer to the amended bill. It appears that by consent parol testimony was heard by the Court, and all the evidence and admission of parties preserved in a bill of exceptions.

Upon a final hearing of the cause, it was decreed by the Court that the complainants pay the defendant, Price, the sum of one hundred dollars by the first day of the next term of the said Court, to be credited on the judgment mentioned in the pleadings, and that in case of such payment being made, the injunction should be made perpetual. From this decree Fell and Perry, the complainants below, have appealed to this Court.

The pleadings of the parties, and the evidence in the cause, which is preserved in a bill of exceptions, the parties having admitted parol evidence, present the following case:

At the May term of the McLean Circuit Court, A. D. 1838, one Nathan Low, since dead, obtained a judgment against one Jesse W. Fell and others, for the sum of $220·81 and costs, upon which an execution was issued on the 10th March, 1839, which was levied upon two tracts of land, one being described as lot number two, of the north east quarter of section sixteen, township twenty three north, two east of

---

* DENNING, J. did not sit in this case.

third principal meridian, and the other being described by metes and bounds as a five acre tract of land near the town of Bloomington in said county, as also, on a town lot in said town, being number twenty seven, block five. Said real estate was owned at the time of said levy by said Jesse W. Fell, and was sold under said execution on the 16th June, 1839. John N. Low, son of said Nathan Low, acting as agent for his father, purchased said premises for the sum of $235·16, in full for said judgment, taking from the sheriff the certificate of purchase in his own name, doubting his authority to have it made to his father, as the latter had not been present at the sale. John N. Low paid no money for the land, but acknowledged satisfaction of the judgment on the record, and paid the costs with money given him by his father for that purpose. By the certificate he was entitled to receive a deed for said land after the expiration of fifteen months from the day of sale, if the land was not redeemed.

Jesse W. Fell, on the 11th of May, 1840, the time of redeeming by him (twelve months) having nearly expired, but being still anxious to have an opportunity of acquiring the ownership in the land back again, made an arrangement with Nathan Low, his judgment creditor, by which he conveyed him by a deed, absolute on its face, the land purchased under the execution, and also for further security, an additional tract of land described as lot number sixteen, in said section sixteen, being a piece of timber land. Nathan Low on his part, with a view to give Jesse W. Fell further time to redeem said land, executed a bond for a deed of said land to said Fell, conditioned to be void, if, at a certain subsequent time, the payment of the amount of said judgment, interest and costs was not made. It appears from the statements in the bill and the evidence, that it was no part of said agreement that the purchase under the execution should be set aside by the new contract, and that the parties only intended to extend the time of redemption by the arrangement, the additional lot sixteen being included in the conveyance for the sole purpose of giving the said Nathan Low additional security while he gave

further time to the judgment debtor. Jesse W. Fell, how-ever, was not able to pay the money mentioned in the con-dition of said title bond, and with his assent Nathan Low sold two of the tracts of the land, to wit: lot two, in said section sixteen, and the five acre tract near Bloomington, to C. H. Perry, one of the complainants, by a warranty deed, dated November 20th, 1840, Perry paying down the pur-chase money, which was the full value of said premises at the time of the sale. Subsequently Perry sold this land, the same originally sold under the executions, to Jesse Fell, Sr., the other complainant, giving him a bond for a title dated November 20th, 1842. Jesse Fell, Sr., since the purchase has made valuable improvements on the land, worth about one thousand dollars, while the land itself, at the time it was first purchased of Low, was worth but one hundred dollars. At the October term 1839, some eighteen months after Nathan Low had obtained his judgment, the defendant Price recovered also a judgment against the said Jesse W. Fell for $513·97, which was levied by the co-defendant Edwards, sheriff of McLean county, upon the said two tracts of land, which had been once before sold under Low's execution. When the complainants' bill was filed, said premises were about being sold by the said sheriff.

The decree of the Court below, making the injunction perpetual, upon payment of one hundred dollars by the com-plainants, Jesse Fell, Sr., and Carlton H. Perry, manifestly proceeded upon the ground that the lands, first sold to Low under his judgment, were liable to be sold again to satisfy the subsequent judgment of Price, exclusive, however, of the improvements made thereon by the elder Fell. The value of the land without the improvements was one hundred dollars, the precise amount which complainants were decreed to pay before the injunction should be made perpetual. The Court must have been of opinion that by the subsequent ar-rangement between Nathan Low and the younger Fell, the latter conveying to the former the same land by deed, all the former proceedings under the judgment and execution had been waived, and that Low derived his title solely by said

conveyance, which was made after Price had acquired a lien on the land. The same view has been urged here by the appellees' counsel.

We cannot look upon this transaction between Nathan Low and Jesse W. Fell in this light, even if it were unexplained by the parties and the evidence. Nathan Low might at any time before his death, or his heirs may yet obtain the sheriff's deed for said land on the certificate of purchase, and the deed will necessarily relate as to the time of acquiring title against subsequent purchasers or incumbrancers back to the sale, and even back to the judgment. Low's title then can be made perfect in law, and it cannot certainly be affected by his having taken in addition a deed from the judgment debtor, although such deed was made after a subsequent judgment. But the matter is perfectly explained by the complainants' bill, which states what the intentions of the parties were; and the defendant's answer does not deny the truth of this explanation, but merely states his belief that Nathan Low renounced his rights under the former sale, and argues *from the facts*, but does not set up as a fact, the waiver of said sale. The testimony of witnesses is, however, conclusive upon this point, and sustains the allegations in the bill throughout.

We are satisfied that Price acquired no rights on the land in question by his subsequent judgment, and that, consequently, the decree of the Circuit Court was erroneous. The injunction ought to have been made perpetual without a condition, and at the costs of the defendants. As it is in the power of the Court here to render such decree as ought to have been rendered below, when sufficient appears on the record to enable the Court to do so, the proper decree will be given here.

The decree of the Court below is reversed at the costs of the appellees, and the injunction granted by the Court below is made perpetual; the defendants below to pay the costs in the Court below.

*Decree reversed.*